UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
__Raleigh__ DIVISION

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Lisa Eugenia Hunter** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |
| Case number: (If known) | 21-00579-5-SWH | | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.
**2.1, 2.3, 4.2, 4.5, 6.1**

# CHAPTER 13 PLAN

## Part 1: Notices

**Definitions:** Definitions of several terms used in this Plan appear online at https://www.nceb.uscourts.gov/local-forms under the heading "Chapter 13 Plan Definitions." These definitions also are published in the Administrative Guide to Practice and Procedure for the United States Bankruptcy Court for the Eastern District of North Carolina.

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated if the plan is confirmed.** You should read this plan carefully and discuss it with your attorney if you have an attorney in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the United States Bankruptcy Court for the Eastern District of North Carolina ("Court"). **The Court may confirm this plan without further notice if no objection to confirmation is filed.** In addition, you may need to file a timely proof of claim in order to be paid under any confirmed plan.

Only allowed claims will receive a distribution from the Trustee, and all payments made to creditors by the Trustee shall be made in accordance with the Trustee's customary distribution process. When required, pre-confirmation adequate protection payments shall be paid in accordance with Local Rule 3070-1(c). Unless otherwise ordered by the Court, creditors not entitled to adequate protection payment will receive no disbursements from the Trustee until after the plan is confirmed.

The following matters may be of particular importance to you. ***Debtors must check one box on each line of §§ 1.1, 1.2, and 1.3, below, to state whether or not the plan includes provisions related to each item listed. If an item is checked "Not Included," or if neither box is checked, or if both boxes are checked, the provision will not be effective, even if set out later in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.3, which may result in a secured claim being treated as only partially secured or wholly unsecured. This could result in the secured creditor receiving only partial payment, or no payment | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.5. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** The Debtor(s) shall make regular payments to the Trustee as follows:

$ __471.00__ per __Month__ for __1__ months
$ __491.00__ per __Month__ for __3__ months
$ __494.00__ per __Month__ for __56__ months

*(Insert additional line(s), if needed.)*

| Debtor | Lisa Eugenia Hunter | Case number | 21-00579-5-SWH |
|---|---|---|---|

**2.2 Additional payments.** *(Check one.)*
- [x] **None.** *(If "None" is checked, the rest of this section need not be completed.)*
- [ ] **The Debtor(s) will make additional payment(s) to the Trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.** *(Insert additional rows, if needed.)*

**2.3** The total amount of estimated payments to the Trustee is $ __29,608.00__.

**2.4 Adjustments to the Payment Schedule/Base Plan** *(Check one).*

- [ ] None.

- [x] Confirmation of this plan shall **not** prevent an adjustment to the plan payment schedule or plan base. The Trustee or the Debtor(s) may seek to modify the plan payment schedule and/or plan base within 60 days after the governmental bar date to accommodate secured or priority claims treated in Parts 3 or 4 of this Plan. This provision shall not preclude the Debtor or the Trustee from opposing modification after confirmation on any other basis.

**2.5 Applicable Commitment Period, Projected Disposable Income, and "Liquidation Test."**
The Applicable Commitment Period of the Debtor(s) is **36** months, and the projected disposable income of the Debtor(s), as referenced in 11 U.S.C. § 1325(b)(1)(B), is $ __0.00__ per month. The chapter 7 "liquidation value" of the estate of the Debtor(s), as referenced in 11 U.S.C. § 1325(a)(4), refers to the amount that is estimates to be paid to holders of non-priority unsecured claims. In this case, this amount is $ __0.00__

## Part 3: Treatment of Secured Claims

**3.1 Lien Retention.**
The holder of each allowed secured claim provided for below will retain the lien on the property interest of the Debtor(s) or the estate until the earlier of:
   (a) payment of the underlying debt determined under nonbankruptcy law, or
   (b) discharge of the Debtor(s) under 11 U.S.C. § 1328.

**3.2 Maintenance of Payments and Cure of Default (if any)** *(Check one.)*
- [x] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Request for Valuation of Security and Modification of Undersecured Claims.** *(Check one)*
- [x] **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Claims Excluded from 11 U.S.C. § 506(a).** *(check one)*
- [ ] **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

The claims listed below:
(1) were incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s) ("910 Claims);
(2) were incurred within 1 year of the petition date and are secured by a purchase money security interest in any other thing of value ("1-Year Claims"), or
(3) are debts the Debtor(s) otherwise propose to pay in full ("Other Claims").

These claims will be paid in full by the Trustee, with interest at the rate stated below. Unless otherwise ordered by the Court, the amount of the creditor's claim listed on its proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) will control over any contrary claim amount listed below. In the absence of a timely filed proof of claim, the claim amount stated below is controlling. Secured creditors entitled to pre-confirmation adequate protection payments will receive the same pursuant to E.D.N.C. LBR 3070-1(c).

| Creditor Name | Collateral (if any) | Amount of Claim | Interest Rate | Basis (910 Claim/ 1-Year/ Other Claim) |
|---|---|---|---|---|
| Credit Acceptance Corporation | 2017 Nissan Rogue Utlty 4D SV AWD 2.5L I4 54,000 miles | $16,919.19 | 5.25% | 910 Claim |

*Insert additional claims as needed.*

**3.5 Avoidance of Judicial Liens or Nonpossessory, Nonpurchase-Money Security Interests.**

| Debtor | Lisa Eugenia Hunter | Case number | 21-00579-5-SWH |
|---|---|---|---|

*(Check one)*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6 Surrender of Collateral.** *(Check one.)*
☑ **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

**4.1 General Treatment:** Unless otherwise indicated in this Part or in **Part 8, Nonstandard Plan Provisions,** the Trustee's fees and all allowed priority claims, will be paid in full without interest through Trustee disbursements under the plan.

**4.2 Trustee's Fees:** Trustee's fees are governed by statute and orders entered by the Court and may change during the course of the case. The Trustee's fees are estimated to be **7.00** % of amounts disbursed by the Trustee under the plan and are estimated to total $ **2,072.56** .

**4.3 Debtor's Attorney's Fees.** *(Check one, below, as appropriate.)*
☑ Debtor(s)' attorney has agreed to accept as a base fee $ **6,838.00** , of which $ **0.00** was paid prior to filing. The Debtor(s)' attorney requests that the balance of $ **6,838.00** be paid through the plan.

☐ The Debtor(s)' attorney intends to apply or has applied to the Court for compensation for services on a "time and expense" basis, as provided in Local Rule 2016-1(a)(7). The attorney estimates that the total amount of compensation that will be sought is $____, of which $____ was paid prior to filing. The Debtor(s)' attorney requests that the estimated balance of $____ be paid through the plan.

**4.4 Domestic Support Obligations ("DSO's").** *(Check all that apply.)*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Priority Claims Other than Attorney's Fees and Those Treated in Section 4.4**
☐ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*
☑ Section 507(a) priority claims, other than attorney's fees and domestic support obligations are estimated to be as follows:

| Creditor Name | Claim for: | Est. Claim Amt. |
|---|---|---|
| Internal Revenue Service | Taxes and certain other debts | $847.00 |

## Part 5: Unsecured Non-priority Claims

**5.1 General Treatment.** After confirmation of a plan, holders of allowed, non-priority unsecured claims that are not specially classified in § 5.2 below, will receive a pro rata distribution with other holders of allowed, non- priority unsecured claims from the higher of either the disposable income of the Debtor(s) over the applicable commitment period or liquidation test (see paragraph 2.5). Payments will commence after payment to the holders of allowed secured, arrearage, unsecured priority, administrative, specially classified unsecured claims, and the Trustee's fees.

Except as may be required by the "disposable income" or "liquidation" tests, or as may otherwise be specifically set forth in this Plan, no specific distribution to general unsecured creditors is guaranteed under this Plan, and the distribution to such creditors may change depending on the valuation of secured claims (including arrears) and/or the amounts which will be paid to holders of priority unsecured claims under this Plan, both of which may differ from the treatment set forth in Parts 3 and 4 of this Plan based on claims filed by secured and priority creditors, or based on further orders of the Court.

**5.2 Co-Debtor and Other Specially Classified Unsecured Claims.** *(Check one.)*
☑ **None.** *If "None" is checked, the rest of Part 5 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are to be treated as specified. All other executory contracts and unexpired leases are rejected. Allowed claims arising from the rejection of executory contracts or unexpired leases shall be treated as unsecured non-priority claims under Part 5 of this Plan, unless otherwise ordered by the Court.** *(Check one.)*
☑ **None.** *If "None" is checked, the rest of Part 6 need not be completed or reproduced.*

## Part 7: Miscellaneous Provisions

| Debtor | Lisa Eugenia Hunter | Case number | 21-00579-5-SWH |
|---|---|---|---|

**7.1 Vesting of Property of the Bankruptcy Estate:** *(Check one.)*
Property of the estate will vest in the Debtor(s) upon:
- [x] plan confirmation.
- [ ] discharge
- [ ] other: _____

**7.2 Possession and Use of Property of the Bankruptcy Estate:** Except as otherwise provided or ordered by the Court, regardless of when property of the estate vests in the Debtor(s), property not surrendered or delivered to the Trustee (such as payments made to the Trustee under the Plan) shall remain in the possession and control of the Debtor(s), and the Trustee shall have no liability arising out of, from, or related to such property or its retention or use by the Debtor(s). The use of property by the Debtor(s) remains subject to the requirements of 11 U.S.C. § 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

**7.3 Rights of the Debtor(s) and Trustee to Object to Claims:** Confirmation of the plan shall not prejudice the right of the Debtor(s) or Trustee to object to any claim.

**7.4 Rights of the Debtor(s) and Trustee to Avoid Liens and Recover Transfers:** Confirmation of the plan shall not prejudice any rights the Trustee or Debtor(s) may have to bring actions to avoid liens, or to avoid and recover transfers, under applicable law.

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions.**

- [x] **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signatures

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.

By signing and filing this document, the Debtor(s) certify that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.

X  /s/ Travis Sasser                                    Date  **June 22, 2021**
   **Travis Sasser 26707**                                    MM/DD/YYYY
   Signature of Attorney for Debtor(s)

If this document is also signed and filed by an Attorney for Debtor(s), the Attorney also certifies, that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

LISA EUGINA HUNTER,    CASE NO. 21-00579-5-SWH
    CHAPTER 13

DEBTOR

### NOTICE OF AMENDED CHAPTER 13 PLAN AND CONFIRMATION HEARING

NOTICE IS HEREBY GIVEN that an Amended Chapter 13 Plan has been filed by the Debtor. A copy of the Amended Chapter 13 Plan accompanies this notice.

TAKE NOTICE FURTHER that pursuant to the Local Rules and General Orders of the United States Bankruptcy Court for the Eastern District of North Carolina, you have until seven days prior to the confirmation hearing date set forth below to file an Objection to the attached Amended Plan if you so desire. If an Objection is filed, a hearing on this Amended Plan will be heard at the **United States Bankruptcy Court, Eastern District of North Carolina, Raleigh Division, located at the Century Station Federal Building, 300 Fayetteville Street, Raleigh, North Carolina 27601 in the 2nd Floor Courtroom starting at 10:30 AM on July 14, 2021**. You must file your Objection with the Clerk, United States Bankruptcy Court, Post Office Box 791, Raleigh, NC 27602 with a copy to the undersigned. Any such Objection should contain a request for a hearing if, indeed, you wish to be heard by the Court. Unless a hearing is specifically requested in an Objection, the attached Amended Plan may be determined and final Orders entered by the court without hearing from you.

Dated: June 22, 2021

/s/ Travis Sasser
Travis Sasser
Attorney for Debtor
State Bar No. 26707
2000 Regency Parkway, Suite 230
Cary, North Carolina 27518
Tel: 919.319.7400
Fax: 919.657.7400
travis@sasserbankruptcy.com

## CERTIFICATE OF SERVICE

    This is to certify that a copy of the foregoing Notice and accompanying documents was served on the entities listed below at their last known address with sufficient postage thereon, or, if such interested party is an electronic filing user, by serving such interested party, electronic transmission, pursuant to Local Rule 5005-4(9)(b).

John F. Logan
Chapter 13 Trustee
***Served Electronically***

*ALL PARTIES ON ATTACHED MATRIX via U.S. Mail*

I certify under penalty of perjury that the foregoing is true and correct.

Dated: June 22, 2021

/s/ Travis Sasser
Travis Sasser
Attorney for Debtor
State Bar No. 26707
2000 Regency Parkway, Suite 230
Cary, North Carolina 27518
Tel: 919.319.7400
Fax: 919.657.7400
travis@sasserbankruptcy.com

```
                             AIS Portfolio Services, LP
                             Capital One Auto Finance Department
                             4515 N Santa Fe Ave. Dept. APS
                             Oklahoma City, OK 73118-7901


CONSUMER PORTFOLIO SERVICES, INC.   Capital One Bank (USA), N.A.      (p)CAPITAL ONE
PO BOX 57071                        by American InfoSource as agent   PO BOX 30285
IRVINE, CA 92619  7071              PO Box 71083                      SALT LAKE CITY UT 84130-0285
                                    Charlotte, NC  28272-1083


Comenity Bank/NY&Co                 Comenity Bank/Victoria's Secret   Consumer Portfolio Services
Attn: Managing Agent/Bankruptcy     Attn: Managing Agent/Bankruptcy   Attn: Managing Agent/Bankruptcy
PO Box 182273                       PO Box 659728                     Post Office Box 57071
Columbus, OH 43218-2273             San Antonio, TX 78265-9728        Irvine, CA 92619-7071


Credit Acceptance Corporation       Credit One Bank NA                First Premier Bank
25505 West 12 Mile Road             Attn: Managing Officer            Attn: Managing Agent
Suite 3000                          Post Office Box 98875             601 S. Minnesota Ave
Southfield, MI 48034-8331           Las Vegas, NV 89193-8875          Sioux Falls, SD 57104-4868


Internal Revenue Service            LVNV Funding                      LVNV Funding, LLC
Centralized Insolvency Operations   Attn: Managing Agent/Bankruptcy   Resurgent Capital Services
P. O. Box 7346                      PO Box 495933                     PO Box 10587
Philadelphia, PA 19101-7346         Cincinnati, OH 45249-5933         Greenville, SC 29603-0587


MERRICK BANK                        Merrick Bank                      Midland Credit Management
Resurgent Capital Services          Attn: Managing Agent/Bankruptcy   350 Camino De La Reina
PO Box 10368                        PO Box 9201                       Suite 100
Greenville, SC 29603-0368           Old Bethpage, NY 11804-9001       San Diego, CA 92108-3007


Midland Credit Management, Inc.     NC Department of Revenue          (p)NATIONAL CREDIT SYSTEMS
PO Box 2037                         Office Serv. Div., Bankruptcy Unit ATTN MELANIE MAYFIELD
Warren, MI 48090-2037               Post Office Box 1168              3750 NATURALLY FRESH BLVD
                                    Raleigh., NC 27602-1168           ATLANTA GA 30349-2964


Navient Solutions, Inc. Dept. of Ed Navient Solutions, LLC. on behalf of (p)PORTFOLIO RECOVERY ASSOCIATES LLC
Attn: Managing Agent/Bankruptcy     Department of Education Loan Services PO BOX 41067
PO Box 9500                         PO BOX 9635                       NORFOLK VA 23541-1067
Wilkes Barre, PA 18773-9500         Wilkes-Barre, PA 18773-9635


Premier Bankcard, Llc               Quantum3 Group LLC as agent for   Quantum3 Group LLC as agent for
Jefferson Capital Systems LLC Assignee Crown Asset Management LLC     Second Round Sub LLC
Po Box 7999                         PO Box 788                        PO Box 788
Saint Cloud Mn 56302-7999           Kirkland, WA  98083-0788          Kirkland, WA  98083-0788


Synchrony Bank                      (p)TD BANKNORTH NA                Target Card Services
Attn: Managing agent                70 GRAY ROAD                      Attn: Managing Agent/Bankruptcy
Post Office Box 965004              FALMOUTH ME 04105-2299            PO Box 660170
Orlando, FL 32896-5004                                                Dallas, TX 75266-0170
```

Water's Edge Crescent Apartments
Attn: Managing agent
80 Magnolia Avenue
Elizabethport, NJ 07206-1978

Lisa Eugina Hunter
1809 Gorman Street
Apartment C
Raleigh, NC 27606-6445